IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DORIS BROWN,                              )
                                          )
       Plaintiff,                     )
                                          )
v.                                        )    No. 07 C 1013
                                          )
DEPUTY SERGEANT KOELLER, et al.,          )
                                          )
       Defendants.                    )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Sergeant Shelley Koeller's (Koeller) motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted.

## BACKGROUND

Plaintiff Doris Brown (Brown) alleges that Koeller, who is referred to in the *pro se* amended complaint as "Deputy Sheriff Koeller," is an Eviction Supervisor, who is responsible for overseeing evictions. On February 21, 2006, Koeller allegedly sent Sheriff's deputies to evict Brown from her property (Property). Brown contends that Koeller knew that prior to any eviction, Brown was entitled to exhaustion of remedies available to her in eviction court. Brown claims that the Sheriff's deputies evicted her despite her statements to them indicating that she still

had an upcoming date in eviction court. Defendants Joe Varan (Varan), Deena Trammer (Trammer), and Anthony Russell (Russell) allegedly work for Cronus Projects, LLC (Cronus), which brought an eviction action against Brown in court and sought the eviction. (Am. Ans. 8). Koeller now moves for summary judgment on the claims brought against her.

Since Brown is proceeding *pro se*, her filings in this action have not been held to the "stringent standards" required for filings drafted by lawyers. *Philos Technologies, Inc. v. Philos & D, Inc.*, 645 F.3d 851, 858 (7th Cir. 2011). The court notes, however, that the court has provided Brown with opportunities to retain counsel on her own in this case and has continued this case in order to allow her time to retain new counsel. The court has also offered on two occasions at status hearings to appoint counsel for Brown, but Brown has declined such an appointment and has indicated that she desires to proceed *pro se*.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for

the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

I. Propriety of the Eviction

Koeller argues that the undisputed evidence shows that she properly authorized the eviction in accordance with an order of possession obtained by Cronus and that Koeller thus could not have violated Brown's constitutional rights. It is undisputed, pursuant to Local Rule 56.1, that on November 29, 2005, an Illinois State court entered an order of possession (Order of Possession), indicating that Cronus was entitled to possession of the Property. (R SF Par. 2); (D. Ex. C, Att 5); *Dent v. Bestfoods*, 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003)(indicating that a denial is improper if the denial is not accompanied by specific references to admissible evidence or at least evidence that represents admissible evidence that supports the denial). The undisputed record also indicates that the enforcement of the Order of Possession was stayed until December 30, 2005. (D Ex.C, Att 5). In addition, it is undisputed that Brown then filed a motion to vacate or stay the Order of Possession, that the motion was continued to February 2, 2006, and that the state

court denied the motion to vacate or stay on that date.  (R SF Par. 15-18); (D. Ex. C, Att 6-7).  It is also undisputed that the record reflects that the state court judge indicated in the order on February 2, 2006: "No further stays allowed."  (D. Exc. C, Att 7).  The undisputed record indicates that on February 2, 2006, Brown filed a motion to reconsider, and that the motion was denied on March 1, 2006.  (D. Ex. C., Att 8); (R SF Par. 19-22).

    Brown contends that Koeller improperly authorized the eviction on February 21, 2006, despite the fact that there was a court date on Brown's motion for reconsideration on March 1, 2006.  Brown argues that Koeller improperly allowed the eviction to proceed when the eviction proceedings were still ongoing.  However, Brown was not allowed under Illinois law to put off her eviction indefinitely by continuing to file successive motions for reconsideration.  Brown's motion for reconsideration filed on February 2, 2006, after her prior motion to vacate or stay the Order of Possession, was effectively her second motion for reconsideration.  It was also a motion for reconsideration filed after the state court had indicated in a conclusive fashion: "No further stays allowed."  (D. Exc. C, Att 7).  The Seventh Circuit on remand in this case specifically indicated that Illinois law does not contain "any provision allowing a litigant to defer enforcement of an adverse judgment indefinitely by filing successive motions." *Brown v. Varan*, 2009 WL 899960, at *1 (7th Cir. 2009)(citing *Sears v. Sears*, 422 N.E.2d 610 (Ill. 1981)).  Under Illinois law, a successive post-judgment motion "not filed within 30 days after the judgment . . .does not stay[] the judgment . . . ." *Sears*, 422 N.E.2d at 612.  The motion for reconsideration filed on February 2, 2006 was filed more than 30 days after the entry

of the Order of Possession on November 29, 2005 and more than 30 days after the enforcement date of the Order of Possession on December 30, 2005.

Brown cites Illinois Supreme Court Rule 304(a) to argue that the eviction was unlawful. However, the instant action deals with a forcible eviction. Rule 304(a) is a rule that deals with allowing some of the claims brought in an action to become final and appealable when there are multiple claims or parties. ILCS S. Ct. Rule 304. Brown also cites to *Petersen Bros. Plastics, Inc. v. Ullo*, 373 N.E.2d 416, 420 (Ill. App. Ct. 1978), in which the Court addressed whether a judgment against one of several defendants in the case was a final and appealable judgment. *Id.* at 420-21. The Illinois court rules concerning whether a judgment is final and appealable are not relevant to assessing whether the execution of Brown's eviction was unlawful and thus Brown's citations are not on point. The undisputed record does not reflect that this underlying case was anything other than a simple Forcible Entry and Detainer Complaint filed by Cronus, and there is no indication that the complaint dealt with multiple parties or claims that were partially resolved.

Brown also cites *Jones v. Unknown Heirs or Legatees of Fox*, 728 N.E.2d 1157 (Ill. App. Ct. 2000) for the proposition that a motion for reconsideration can toll the time for filing an appeal in state court. (Am. Ans. 3). However, in *Jones*, the court also stated that the state "courts have repeatedly held that the filing of multiple post-judgment motions does not extend the time for filing an appeal." 728 N.E.2d at 1160. In this case, Jones filed a post-judgment motion seeking to vacate the Order of Possession, which was denied, and her subsequent motion for reconsideration was a subsequent post-judgment motion that did not extend the time before the Order of

Possession became a final and appealable order.

Brown also argues that Cronus "did not own the property. . . ." (Ans. 2). However, whether or not Cronus had a right to possess the Property is not material, since there is no evidence that Koeller, acting to enforce the Order of Possession which was issued by a state court judge, had any basis to believe that Cronus lacked a lawful right to the Property. The court notes that Brown claims certain facts regarding the history of her state court case that are not supported by the official records of the case. For example, Brown claims that Defendants are wrong that the judge in the eviction proceedings entered a ruling on Brown's motion to vacate on February 2, 2006. Brown states that "[t]here was no Judge Peters ruling on Plaintiff's motion to vacate February 2, 2006." (Am. Ans. 4). However, Defendants have attached a copy of the order, which Brown has not provided any basis to doubt as to its authenticity, that is dated February 2, 2006, and states: "The motion to vacate is denied." (D Ex. C, Att 7).

The undisputed facts show that Koeller possessed the Order of Possession and that the judge who issued the order had previously stated on January 2, 2006, that no further stays would be allowed. The record does not indicate that Koeller violated any state law, or that any violation of state law violated Brown's constitutional rights. Thus, the undisputed facts show that Koeller did not violate any of Brown's constitutional rights, and Brown has not pointed to sufficient evidence to support a Section 1983 claim against Koeller.

II. Conspiracy Claims

Koeller argues that even if Brown could show that she unlawfully participated in the eviction, Brown has not pointed to evidence to support the conspiracy claim. For a Section 1983 conspiracy claim involving public and private parties, a plaintiff must show that "a state official and private individual(s) reached an understanding to deprive plaintiff of his constitutional rights; and . . . those individual(s) were willful participants in joint activity with the State or its agents." *Logan v. Wilkins*, 644 F.3d 577, 583 (7th Cir. 2011)(internal quotations omitted)(quoting *Williams v. Seniff,* 342 F.3d 774, 785 (7th Cir. 2003))(evaluating whether complaint contained allegations that indicated an agreement); *see also Jackson v. City of Joliet*, 2006 WL 2990158, at *3 (7th Cir. 2006)(indicating that the plaintiff did "not point[] to any evidence in the record to suggest that the officers formed any such agreement" that could support a conspiracy claim).

In the instant action, Brown fails to point to evidence that indicates any agreement by Defendants, express or implied, to violate Brown's constitutional rights. The record reflects that Koeller, in executing the eviction was following the Order of Possession from the state court. There is no evidence that would suggest any sort of understanding or agreement between anyone directed by Koeller and the other Defendants in this case that worked for Cronus. Brown claims that Trammer and Russell were "allowed to take part in the eviction." (Am. Ans. 1). However, Brown has not presented any evidence that shows that Trammer or Russell took part in actually removing Brown or any of her belongings from the Property. *Logan*, 644 F.3d at 583 (indicating that there were not sufficient "allegations in the complaint [to] suggest that the Sheriff or his deputy, in enforcing a lawful foreclosure order,

were acting in concert with . . . any of the . . . other defendants to do something illegal"). The undisputed record indicates that the Order of Possession indicated that Cronus was the rightful owner of the Property, and that Trammer and Russell were acting as representatives of Cronus in taking possession of the Property. The fact that, as representatives of the rightful owner, Trammer and Russell were allowed, as alleged by Brown, to be present at the eviction and to change the locks so that Cronus had control of the Property does not show that they participated in the actual eviction.

Brown also makes reference in her filings to the court's prior ruling at the motion to dismiss stage, arguing that Koeller is repeating the same argument that lacked merit at the motion to dismiss stage. (Ans. 2). However, the legal standard at this juncture is not the same as it was at the motion to dismiss stage. At the summary judgment stage, Brown can no longer rely on unsubstantiated allegations. *See Delapaz v. Richardson*, 634 F.3d 895, 900 (7th Cir. 2011)(stating that "[s]ummary judgment is the 'put up or shut up' moment in litigation" and "[a]s such, [the plaintiffs are] required to present evidence on which a reasonable jury could rely tending to prove their claim"). Although Brown recites various facts in her memorandum, she fails to cite to portions of the record that contain evidence that would support her assertions. Brown was also specifically asked at her deposition what evidence she had to show that there was a conspiracy between Koeller and the other Defendants. (Brown dep. 69-70). Brown was unable to point to any evidence that supported her theory that a conspiracy had existed. (Brown dep. 69-74). Brown must offer more than her own "unsubstantiated speculation" that Koeller was

involved in a conspiracy with the other Defendants to violate Brown's constitutional rights. *Id.* (stating that "conjecture alone cannot defeat a summary judgment motion"); *Tindle v. Pulte Home Corp.*, 607 F.3d 494, 496 (7th Cir. 2010)(stating that the plaintiff needed to "come forward with admissible evidence that demonstrates there are genuine issues of material fact to survive [the defendant's] summary judgment motion"). Therefore, even if Koeller could establish a constitutional violation by Koeller, Brown has failed to point to sufficient evidence to support a conspiracy claim.

III. Immunity

Koeller argues that she is entitled to absolute immunity in her official capacity and absolute quasi-judicial immunity in her individual capacity. A claim brought against Koeller in her official capacity is a claim brought against the entity she represented. *Scott v. O'Grady*, 975 F.2d 366, 369-70 (7th Cir. 1992)(stating that "[a]n official-capacity suit merely represents another way of pleading an action against an entity of which an officer is an agent and is treated as a suit against that entity"). When a sheriff for a county "acts as an arm of the Illinois state judicial system in executing Writs of Assistance and other state court orders" and "[w]hen fulfilling this statutory duty, the sheriff and his deputies must be deemed state officials for the purposes of Eleventh Amendment immunity." *Id.* The undisputed record in the instant action indicates that Koeller, in executing the Order of Possession, was acting as an instrument of the state judicial system and was a state actor entitled to absolute immunity. In addition, to the extent that Brown brings

claims against Koeller in her individual capacity, a sheriff who is executing an eviction order "who act[s] in reliance on a facially valid court order [is] entitled to quasi-judicial immunity from suit under § 1983 for damages." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1239 (7th Cir. 1986). The undisputed evidence shows that Koeller was acting based on a facially valid court order. Thus, even if Brown had pointed to sufficient evidence to support the elements of her Section 1983 claims brought against Koeller, such claims would be dismissed based on Koeller's immunity. Therefore, based on the above, Koeller's motion for summary judgment is granted.

IV.  Section 1983 Claims Brought Against Remaining Defendants

The remaining Defendants, Trammer and Russell, in this action are undisputably private actors who worked for Cronus, a private entity. For a Section 1983 claim, a plaintiff must establish that: "(1) the defendant deprived the plaintiff of a right secured by the Constitution and laws of the United States, and (2) the defendant acted under color of state law." *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 791 (7th Cir. 2003); *Wilson v. Price*, 624 F.3d 389, 392 (7th Cir. 2010) (indicating an individual cannot be liable under Section 1983 unless he "acted under color of state law"). Since Trammer and Russell were acting for a private entity and the undisputed record shows that they were not acting under color of state law, no Section 1983 claims can succeed against them. Private actors can be found liable under Section 1983 if they conspired with public actors. *Logan*, 644 F.3d at 583. However, as indicated above, Brown has failed to point to sufficient evidence to

show the existence of a conspiracy between Koeller and the other Defendants. Nor has Brown pointed to evidence of a conspiracy between Trammer and Russell and any other public actor. Therefore, the Section 1983 claims brought against Trammer and Russell are dismissed.

V.  Remaining State Law Claims

To the extent that Brown, in her *pro se* amended complaint, seeks to bring state law claims against other Defendants, once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). The Seventh Circuit has indicated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007). The Seventh Circuit has stated that, In exercising that discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994). The court has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction over the remaining state law claims. Such claims are therefore dismissed without prejudice.

## CONCLUSION

Based on the foregoing analysis, Koeller's motion for summary judgment is granted. Any remaining state law claims are dismissed without prejudice.

                                      _____
                                      Samuel Der-Yeghiayan
                                      United States District Court Judge

Dated:   September 28, 2011