# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1013 | **DATE** | 11/3/2011 |
| **CASE TITLE** | Doris Brown vs. Deputy Sheriff Koeller | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motions for entry of default [126] and to vacate summary judgment [127] are denied.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

This matter is before the court on Plaintiff Doris Brown's *pro se* motion for default judgment against Defendant Joe Varan (Varan), Defendant Deena Trammer (Trammer) and Defendant Anthony Russell (Russell). Since Brown is proceeding *pro se* the court will liberally construe her filings. On September 28, 2011, the court granted Defendant Sergeant Shelley Koeller's (Koeller) motion for summary judgment. The court also declined to exercise supplemental jurisdiction over the remaining state law claims brought against Varan, Trammer, and Russell and dismissed such claims without prejudice and terminated this action. Since the court determined it would not be appropriate to exercise supplemental jurisdiction over the claims brought against Varan, Trammer, and Russell, and this case has already been terminated, the instant motion for default judgment is improper and is denied.

This matter is also before the court on Brown's *pro se* "Motion to Vacate Summary Judgment." (Mot.1). Brown requests that the court vacate its ruling on September 28, 2011, granting Koeller's motion for summary judgment, and dismissing the remaining state law claims without prejudice. To the extent that Brown seeks to proceed under Federal Rule of Civil Procedure 59(e), Brown has not presented any new arguments or evidence or shown that the court erred in its ruling. To the extent that Brown seeks to proceed under Federal Rule of Civil Procedure 60(b) (Rule 60(b)), a motion to vacate brought pursuant to "Rule 60(b) is an extraordinary remedy and" should be "granted only in exceptional circumstances. . . ." *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 494 (7th Cir. 2011)(internal quotations omitted)(quoting *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000)). In the instant action, Brown has not pointed to any exceptional circumstances in this case that would warrant vacating the September 28, 2011 ruling. Brown contends that she can proceed under Rule 60(b) because there was a "[f]raud upon the court" by Koeller. (Mot 4). However, Brown's argument regarding Koeller is merely a repetition of her arguments as to the merits of her case and not a basis to vacate the final judgment in this case. Brown also argues that in regard to Russell and Trammer, "[t]he court exceed[ed] its jurisdiction. . . ." (Mot. 5). The court declined to

**STATEMENT**

exercise supplemental jurisdiction over the state law claims brought against Russell and Trammer, dismissing such claims without prejudice. Nothing in this court's ruling prohibits Brown from seeking to proceed in state court on such claims. Therefore, the "Motion to Vacate Summary Judgment" is denied.